FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLORIA A., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-03144-JAG <br><br> ORDER GRANTING <br> PLAINTIFF'S MOTION <br> FOR SUMMARY JUDGMENT <br> AND REMANDING FOR <br> ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Christopher Dellert represents Gloria A. (Plaintiff); Special Assistant United States Attorney Erin Highland represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed an application for Supplemental Security Income on October 24, 2016, alleging disability since September 30, 2012,[1] due to depression, anxiety,

---

[1] At the hearing Plaintiff's representative amended the alleged onset date to December 15, 2015. Tr. 76.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 1

PTSD, mood disorder, cognitive disorder, learning disability, sleeping disorder, and extreme daytime fatigue. Tr. 108-09. The application was denied initially and upon reconsideration. Tr. 167-70, 172-74. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on August 27, 2018, Tr. 40-72, and issued an unfavorable decision on November 7, 2018. Tr.135-53. On February 25, 2020, the Appeals Council remanded the claim for rehearing. Tr. 154-58.

ALJ Timothy Mangrum held a remand hearing on December 16, 2020, Tr. 73-96, and issued an unfavorable decision on February 3, 2021. Tr. 20-33. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 25, 2021. Tr. 1-5. The ALJ's February 2021 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 29, 2021. ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1983 and was 33 years old when she filed her application. Tr. 32. She has a 10th grade education and a minimal work history, consisting of a few weeks of restaurant work. Tr. 51-52, 86-88, 478, 655. She experienced trauma and abuse throughout childhood and domestic violence in her marriage. Tr. 452-53, 477, 689. She has alleged disability largely based on her mental health struggles, and has been limited in her ability to seek treatment due to homelessness, domestic abuse, and her lack of trust in providers. Tr. 53-54, 60, 89-90.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 2

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform

specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On February 3, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 20-33.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 22.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, personality disorder, and PTSD. Tr. 23.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, with the following non-exertional limitations:

> She must avoid concentrated exposure to environments with excessive noise levels with noise levels not to exceed moderate/level 3 as classified by the DOT; she is capable of simple work related instructions, tasks, and decisions with only occasional changes in the work setting; she will be off-task and not productive five percent of the workday; she can have no interaction with the general public and only incidental interaction with coworkers; and she can have occasional interaction with supervisors.

Tr. 24-25.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 32.

At ***step five*** the ALJ found that, considering Plaintiff's age, education, work experience, residual functional capacity, and acquired transferable skills, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of stores laborer, laundry worker, and marker. Tr. 32-33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 33.

## VI.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly weighing Plaintiff's symptom testimony; (2) improperly weighing the medical opinions; and (3) improperly considering the lay witness evidence.

## VII.    DISCUSSION

**A.    Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 12 at 5-9.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting

the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. The ALJ found Plaintiff's complaints were out of proportion to the longitudinal observations and findings by providers and consultative examiners. Tr. 26-28.

Plaintiff argues the ALJ erred by only disregarding her allegations based on the lack of corroborating objective evidence, which is not a sufficient reason on its own. ECF No. 12 at 8. Plaintiff additionally asserts that observations made in the controlled setting of medical treatment are not analogous to how she would react under the pressures of a competitive work environment, and therefore the normal findings the ALJ identified did not contradict Plaintiff's alleged limitations. *Id.* at 8-9. Defendant argues that the ALJ reasonably interpreted the treatment records and the findings from the consultative examiners in finding Plaintiff's allegations to be unreliable. ECF No. 13 at 4-7. Defendant further argues that Plaintiff's challenge fails to undermine the rational fact-finding conducted by the ALJ, and asserts that the ALJ's inferences regarding the real-world implications of the records were reasonable. *Id.* at 7-8.

The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. An ALJ may cite a lack of support

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS - 6

from the objective medical evidence in discounting a claimant's symptom statements; but this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because it is unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ's summary of Plaintiff's treatment records, including findings of her being fully oriented, being in no acute distress, and presenting with normal affect, does not on its own constitute a clear and convincing basis to discount Plaintiff's testimony regarding her PTSD symptoms, difficulty paying attention and managing stress, and interpersonal problems. Because the ALJ offered no other explanation for his rejection of Plaintiff's subjective complaints, the lack of support from the objective medical findings alone is insufficient.

On remand, the ALJ shall reconsider Plaintiff's allegations in light of the record as a whole.

**B.    Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence from a number of sources. ECF No. 12 at 9-18.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by offering "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

    **1.** <u>**Dr. M. Liddell.**</u>

Plaintiff attended a consultative psychological exam with Dr. Liddell in February 2016. Tr. 452-57. Dr. Liddell diagnosed Plaintiff with borderline personality disorder, major depressive disorder, and PTSD. Tr. 456. Dr. Liddell opined Plaintiff was capable of performing simple and repetitive tasks and some detailed and complex tasks (such as using a computer or driving), but would have difficulty performing work activities on a consistent basis, maintaining regular attendance, completing a normal work week, and dealing with the usual stress in the workplace. Tr. 456-57.

The ALJ gave this opinion little weight. Tr. 28-29. He noted that Dr. Liddell did not review any treatment records, and that the opinion was out of proportion to the longitudinal record showing often unremarkable findings and observations. *Id.* The ALJ further found that the opinion was not entirely consistent with Dr. Liddell's own exam findings, which the ALJ found to be largely unremarkable. *Id.*

Plaintiff argues the ALJ erred as Dr. Liddell did not just rely on Plaintiff's presentation during the evaluation, but also on his understanding of how Plaintiff's impairments could be expected to impact her long-term functioning. ECF No. 12 at 14. She argues the ALJ unreasonably expected the exam results from a single visit to elicit the same response as would be seen in the pressures and context of full-time work. *Id.* She further notes that none of the examining sources reviewed the medical record, yet they all came to similar conclusions regarding Plaintiff's limitations, which should have weighed in their favor. *Id.* Defendant argues the ALJ reasonably found the opinion unreliable based on Dr. Liddell's failure to review any records, the opinion's inconsistency with the generally unremarkable exam findings throughout the record, and the lack of support from Dr. Liddell's own findings and observations. ECF No. 13 at 9-11. Defendant alternatively

argues that any error was harmless as the only limitations excluded were vague and unhelpful, noting only that Plaintiff would "have difficulty" with the various tasks discussed.  *Id.* at 11-12.

The Court finds that the ALJ's analysis is supported by substantial evidence. Dr. Liddell noted some normal findings and others suggesting limitations.  Tr. 454-56.  Similarly, with respect to consistency with the longitudinal record, the ALJ identified normal findings in areas such as Plaintiff presenting as oriented, in no acute distress, having normal mentation, understanding material presented, interacting appropriately with providers, and sometimes having normal mood and affect.  Tr. 28-29.  The record, however, also includes other findings, such as abnormal mood and affect, self-harming, little eye contact, limited fund of knowledge, and low social maturity.  Tr. 478, 638, 640, 659-60, 662, 664, 666, 673, 675, 677, 681, 691.  "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  The Court finds the ALJ's discussion and characterization of the record supported by substantial evidence after considering the longitudinal record.

As this matter is being remanded for additional proceedings to remedy errors in the ALJ's evaluation of the Plaintiff's subjective complaints, the ALJ shall also evaluate the medical evidence in lights of Plaintiff's subjective complaints.

2.  ***Dr. Thomas Genthe.***

Plaintiff attended another consultative psychological exam with Dr. Thomas Genthe in October 2019.  Tr. 654-61.  Dr. Genthe diagnosed Plaintiff with depressive disorder and PTSD.  Tr. 656.  He opined Plaintiff had primarily none or mild limitations, but that she was markedly impaired in her ability to communicate and perform effectively, maintain appropriate behavior, and complete a normal workweek without interruptions from psychological symptoms.  Tr. 657.  He

explained that her symptoms were not adequately managed and were likely to interfere with her ability to initiate or maintain future employment. Tr. 658. The ALJ gave this opinion little weight for the same reasons as he rejected Dr. Liddell's opinion, finding the report to be out of proportion to the longitudinal record and Dr. Genthe's own observations and findings. Tr. 30.

Plaintiff makes the same arguments regarding Dr. Genthe as she made with respect to Dr. Liddell. ECF No. 12 at 13-15. Defendant again asserts that the ALJ reasonably interpreted the opinion as being inconsistent with the largely normal findings in the record as a whole and Dr. Genthe's exam in particular. ECF No. 13 at 12-13.

The Court affirms the ALJ for the same reasons as discussed above with respect to Dr. Liddell. However, also similar to the analysis of Dr. Liddell, on remand the ALJ shall reconsider Dr. Genthe opinion in light of the analysis of Plaintiff's subjective complaints.

3. *Other Opinions.*

As this claim is being remanded for reassessment of Plaintiff's subjective complaints, the ALJ shall also reconsider the other medical and lay witness opinions, along with the record as a whole.

## VIII. CONCLUSION

The ALJ's decision is not supported by substantial evidence. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The Court finds that further development is necessary for a proper determination to be made. Additional administrative proceedings could remedy defects. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or

testimony relevant to Plaintiff's disability claim.  The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS - 11